UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

S.W.O. (XXX-XX-0595)  CIVIL ACTION NO. 11-cv-0067

VERSUS  JUDGE HICKS

U.S. COMMISSIONER SOCIAL  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

S.W.O. ("Plaintiff") was born in 1959, has a high school education, and has past work experience as a home health aide, driver for railroad crews, and school bus driver. She applied for disability benefits. ALJ Scott Staller held a hearing and issued a written decision in which he found that Plaintiff was not disabled. The Appeals Council denied a request for review, and Plaintiff filed this civil action to seek judicial review. For the reasons that follow, it is recommended that the Commissioner's decision to deny benefits be reversed and the case be remanded to the Agency for further proceedings.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925

F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

### A. The ALJ's Decision

The ALJ analyzed Plaintiff's claim under the five-step sequential analysis established in the regulations. 20 C.F.R. §§ 404.1520 and 416.92; Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007). He found that Plaintiff was not working (step one) and that she had the following severe impairments (step two): carpal tunnel syndrome, fibromyalgia, and anxiety. He found at step three that those impairments did not meet or equal a listed impairment.

Before going from step three to step four, the ALJ assesses the claimant's RFC by determining the most the claimant can still do despite his or her limitations. 20 C.F.R. §§ 404.1520(a)(4) and 404.1545(a)(1). The claimant's RFC is then used at steps four and five to determine if the claimant can still do her past relevant work or adjust to other jobs that exist in the national economy. 20 C.F.R. § 404.1520(e).

The ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work, which is the least demanding category of work. Her ability was reduced by certain sit/stand requirements, no overhead work, and other postural or physical limits. He added that Plaintiff had a moderately reduced ability to understand, remember, and carry out detailed instructions and to maintain attention and concentration for extended periods of time.

He defined moderate to mean that there was more than a slight limitation, but the person could still perform the task satisfactorily. Tr. 24.

A vocational expert ("VE") testified at the hearing that Plaintiff's past jobs were all light or medium in nature. Tr. 321. Based on that testimony, the ALJ found at step four that Plaintiff could not perform her past relevant work. Tr. 26.

The ALJ then turned to step five, which asks whether Plaintiff is capable of performing the demands of any other jobs that exist in significant numbers in the national economy. He first looked to the Medical Vocational Guidelines, which may be used to meet the Commissioner's step-five burden if the claimant suffers only from exertional impairments or the non-exertional impairments do not significantly affect his RFC. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). Rule 201.21 directs that a person with Plaintiff's age, education, and the ability to perform the full range of sedentary work is not disabled. Plaintiff, however, was not found to be capable of performing the full range of sedentary work, so the Commissioner could not look to the guidelines alone, but had to look to other evidence such as VE testimony. Fraga. The VE testified that a person like Plaintiff could perform the position of telephone solicitor, which he said was sedentary and semi-skilled. Tr. 322-23. The ALJ relied on that testimony and found at step five that Plaintiff was not disabled. Tr. 27-28.

### B. Mental Limitations

Plaintiff's first issue on appeal is the contention that the RFC assessment is not supported by substantial evidence. Plaintiff focuses on the mental limitations in the RFC, where Plaintiff was found to be moderately limited in her ability to handle detailed instructions or maintain attention for extended time periods. Plaintiff argues that there is an absence of medical findings in the record on which this limitation can rest.

The court has granted relief on a number of occasions when this argument has been pressed and there was evidence of a severe impairment, such as a back problem, but no medical findings in the record as to how much the claimant could lift, stand, etc. despite the impairment. That is because the ALJ is not free in such circumstances to parse the medical records on his own and form his own medical opinion. See Ripley v. Chater, 67 F.3d 552 (5th Cir. 1995) and Williams v. Astrue, 355 Fed. Appx. 828 (5th Cir. 2009) (both granting relief in such circumstances).

In this case, however, Plaintiff has not pointed to any significant evidence that would suggest mental limitations greater than those found by the ALJ. Plaintiff did not testify about any such limitations. In her application paperwork, she wrote that "anxiety & depression affect my ability to do the mental tasks" and that she has "a hard time remembering everything if I have to run errands or Dr. appts." Tr. 136-37. Plaintiff has not pointed to any treatment records or other objective evidence that suggests more than the moderate limitations that it appears the ALJ generously found. Plaintiff, in the absence of some significant evidence of a greater limitation than found by the ALJ, the findings are supported

by substantial evidence, and remand would accomplish nothing. See Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case).

### C. Transferable Skills

Plaintiff's second issue on appeal complains that there is not substantial evidence for the finding that Plaintiff can perform the occupation of telephone solicitor. The essence of Plaintiff's argument is that the ALJ was required to make findings of fact in his decision regarding the transferability of job skills. When the Medical Vocational Guidelines are used, the decision of disabled or not is directed by four factors: RFC (light, sedentary, etc.), age, education, and previous work experience. Sometimes the Guidelines will direct that a person is disabled if his past work experience was unskilled, but they direct a finding of not disabled if she has skilled or semi-skilled experience. In Plaintiff's case, the Guidelines suggest a finding of "not disabled" whether or not she had transferable job skills.

The Guidelines were not used exclusively, however, and Plaintiff argues that Social Security Ruling 82-41 required findings about skills. The Ruling states that transferability of skills is an issue when an individual's impairments are severe, do not meet or equal a listing, but do prevent the performance of past relevant work, and that work has been determined to be skilled or semi-skilled. Those conditions were met in this case. The last paragraph in the Ruling states: "When the issue of skills and their transferability must be decided, the adjudicator or ALJ is required to make certain findings of fact and include them in the written decision." The Ruling goes on to state that the findings should be supported

with appropriate documentation, and supporting evidence may be in the form of VE testimony.

The ALJ wrote only that transferability of job skills was not material because the Guidelines supported a finding of not disabled whether or not Plaintiff had transferable job skills. Tr. 27. The VE did not offer any testimony about the particular skills Plaintiff may have obtained in her past work and whether those skills would apply to the semi-skilled telephone solicitor job. The Commissioner argues that the Ruling does not mandate findings where its listed circumstances are present. He interprets it, instead, as a policy statement to be read in the context of the regulations to merely outline the circumstances that must be present for a potential transferable skills issue to exist. He then return to the Guidelines and contends that they suggest transferable skills are not an issue in this case.

Court decisions are not uniform as to whether SSR 82-41 requires specific findings in every case where its literal terms are met or only when the ALJ relies exclusively on the Guidelines. The Sixth Circuit, with little analysis, deferred to the Commissioner's reading in Wilson v. Commissioner, 378 F.3d 541, 549-50 (6th Cir. 2004). Other courts have found that specific findings on transferrable skills are necessary even where the ALJ relies on the testimony of a VE. Bray v. Commissioner, 554 F.3d 1219 (9th Cir. 2008) and Draegert v. Barnhart, 311 F.3d 468 (2d Cir. 2002).

The parties have not pointed to any Fifth Circuit authority on the issue. One district court decision within the Circuit followed the Sixth Circuit approach that findings were not necessary unless the ALJ relied solely on the Guidelines, but found in the alternative that any

mistake in that regard was harmless error. Saucedo v. Astrue, 2008 WL 4238908, *12-14 (N.D. Tex. 2008). But two years later, the same court held that transferability of skills became an issue under the terms of SSR 82-41, and reversal was required when the VE identified semi-skilled work but there were no transferable skills findings by the ALJ. Rivera v. Astrue, 2010 WL 711717, *4-5 (N.D. Tex. 2010).

The undersigned favors the decisions that require findings even where the ALJ relies on the testimony of a VE. That said, there may be circumstances where a VE identifies skilled or semi-skilled work that the claimant can perform, the ALJ does not make particular findings on transferability of skills, yet the decision is supported by substantial evidence. The relevant facts may be overwhelmingly clear, or there could be other evidence of record that would make any mistake harmless error. This is not such a case. The undersigned cannot say with confidence that any mistake in this case was harmless. There is no evidence about either the skills Plaintiff gained from her past work or whether those skills would transfer to the job identified by the VE. Based on this record, and the arguments made by the parties, the undersigned finds that there is not substantial evidence to support the Commissioner's decision.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be reversed, and pursuant to sentence four of 42 U.S.C. 405(g), the case be remanded to the Agency for further proceedings.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of March, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE